**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1424**

---

ANTHONY LAMONT GARDNER, JR.,

　　　　　　Plaintiff – Appellant,

　　　v.

KENYATTA MOMON, in his individual and official capacity as a member of the Fairfax County Police Department; THOMAS ARMEL, in his individual and official capacity as a member of the Fairfax County Police Department, COUNTY OF FAIRFAX,

　　　　　　Defendants – Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:23-cv-00610-PTG-WBP)

---

Submitted:  April 3, 2025　　　　　　　　　　Decided:  August 4, 2025

---

Before AGEE, WYNN, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Kimberly P. Baucom, FAIRFAX COUNTY ATTORNEY'S OFFICE, Fairfax, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gardner, Jr., punched two police officers in the face as they attempted to arrest him for disorderly conduct at a grocery store in Alexandria, Virginia. The officers brought Gardner to the ground and used reasonable force to arrest him. Gardner sued the officers and Fairfax County, Virginia, under 42 U.S.C. § 1983 and state law. The district court granted summary judgment in favor of Defendants. We affirm.

I.

This incident began when Gardner called police dispatch demanding that officers be sent to meet him at Shoppers Food Warehouse. On the call, he told the dispatcher he was armed with a knife, which the dispatcher relayed to the responding officers. The officers were also informed that Gardner had a prior arrest for brandishing a machete in public. While at Shoppers, Gardner livestreamed himself on Instagram making an expletive-laden statement threatening to "get physical" with the officers and saying that he was "not joking" and "not scared." J.A. 549 at 0:40-0:54 (video exhibit).

Officers Kenyatta Momon and Thomas Armel were the first to arrive at Shoppers, and the subsequent events were captured on their body-worn cameras. The officers saw a confrontation between Gardner and the store manager, who was attempting to ban him from the store. Gardner began swearing at the manager and making aggressive movements toward her. Officer Armel stepped between Gardner and the manager, and Officer Momon commented, "[d]isorderly conduct, right?" J.A. 550 at 1:38-1:42 (video exhibit). Gardner took a few steps backward, and Officer Armel closed the gap between them. Then Gardner shifted his stance and reached into his back pocket, prompting Officer Armel to place his

2

hand on his taser.  When Gardner pulled only his phone out of his pocket, Officer Armel stopped touching the taser and began reaching towards Gardner's arm.

Gardner then punched Officer Armel in the head, giving him a cut over his eye. Both officers wrestled Gardner to the ground.  Officer Armel fell on Gardner's lower body and grabbed Gardner's right arm.  But Gardner's left arm remained free.  From the ground, Gardner used his free hand to punch Officer Momon in the face twice.  Officer Momon delivered two hand strikes to Gardner's head in an effort to stun him and secure his free hand.  Only then was Officer Armel able to handcuff Gardner.  Neither officer struck Gardner after they secured his hands behind his back and cuffed him.

Shortly after the arrest, officers took Gardner outside and directed him to sit down. When Gardner asked how he was supposed to sit down, Officer Momon grabbed Gardner's legs and pulled them out from under him.  Two other officers who were holding Gardner by his armpits controlled his fall to a seated position.  Officer Momon held Gardner's legs against the ground while another officer secured them with a canvas strap.  Once Gardner's legs were secure, Officer Momon released them.

Gardner sued Officer Momon, Officer Armel, and Fairfax County.  He asserted Fourth Amendment and Fourteenth Amendment claims against all Defendants, a First Amendment retaliation claim against all Defendants, and several tort claims against the officers.  The district court dismissed the Fourteenth Amendment claims in their entirety and the First Amendment claim against Fairfax County; Gardner does not appeal those rulings.  Defendants moved for summary judgment on the remaining claims, which the

3

district court granted.  Gardner appeals from that decision, and we have jurisdiction.  *See* 28 U.S.C. § 1291.

## II.

We review the district court's grant of summary judgment de novo.  *Somers v. Devine*, 132 F.4th 689, 695 (4th Cir. 2025).  Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When making that determination, we draw all reasonable inferences in favor of the nonmovant.  *Simmons v. Whitaker*, 106 F.4th 379, 385 (4th Cir. 2024).  But where the nonmovant's account of events is "'clearly contradict[ed]'" by uncontroverted video evidence, we may not assume its truth for the purposes of summary judgment.  *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

We begin with the threshold question of whether Officers Momon and Armel had probable cause to arrest Gardner for disorderly conduct.  If the officers had probable cause to arrest him, Gardner's First Amendment retaliation claim fails.  *See Nieves v. Bartlett*, 587 U.S. 391, 404 (2019).  Gardner argues he did not violate Virginia's disorderly conduct statute and the officers therefore had no probable cause to believe he did.  But his argument necessarily fails because a grand jury subsequently indicted him for disorderly conduct, resisting arrest, and felonious assault for his acts in the Shoppers grocery store.  The indictment establishes as a matter of law that the officers had probable cause to arrest Gardner.  *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012).

Moving to Gardner's Fourth Amendment claims, officers are forbidden from using excessive force when conducting an arrest.  *Graham v. Connor*, 490 U.S. 386, 394–397

4

(1989). The constitutional inquiry asks "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. We evaluate the reasonableness of an officer's use of force under the totality of the circumstances, including the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

The officers' use of force against Gardner was objectively reasonable. The officers had probable cause to arrest Gardner for disorderly conduct, and once he resisted arrest by punching Officer Armel in the face, they used reasonable force to bring him to the ground. Officer Momon's hand strikes to Gardner's head were also reasonable given Gardner's continued active resistance, the fact that he had an arm free, and the officers' knowledge that Gardner possessed a knife on his person. Lastly, Officer Momon's modest use of force to restrain Gardner's legs for the strap was appropriate for gaining control of a recalcitrant arrestee.

Gardner's counterarguments rely almost entirely on his perceptions of Officer Momon's subjective motivations for using force against Gardner or his disputations of events clearly depicted in the body camera footage. Neither affords Gardner a basis for avoiding summary judgment.

Because the officers' use of force was reasonable under the Fourth Amendment, Gardner's remaining claims fail as well. His *Monell* claim against Fairfax County must fail because Gardner suffered no constitutional injury. *Eline v. Town of Ocean City,*

5

*Maryland*, 7 F.4th 214, 224 n.10 (4th Cir. 2021); *see Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Gardner's battery claim fails because the officers' use of force was justified by a lawful arrest. *Ware v. James City Cnty., Virginia*, 652 F. Supp. 2d 693, 712 (E.D. Va. 2009) (citing *Pike v. Eubank*, 90 S.E.2d 821 (Va. 1956)), *aff'd*, 380 Fed. App. 274 (4th Cir. 2010) (per curiam). Gardner's gross negligence claim also "rises or falls" with his Fourth Amendment excessive force claim. *Payne v. Moser*, No. 1:24-cv-398, 2024 WL 4829722, at *4 (E.D. Va. Nov. 19, 2024) (internal quotation marks and alterations omitted); *cf. Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987) (gross negligence requires proof of "the absence of slight diligence, or the want of even scant care"). And lastly, as to Gardner's intentional infliction of emotional distress claim, the district court granted summary judgment to Defendants because Gardner failed to cite any evidence or portion of the record supporting his claim. We find no error in the district court's ruling, particularly because Gardner's Opening Brief on appeal shares the same flaw.

The judgment of the district court is

*AFFIRMED*.

6